# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VALENTE MARQUISE CAMPBELL,

          Petitioner,

v.                                   Case No. 22-CV-1310

RANDALL HEPP,

          Respondent.

# ORDER

Valente Marquise Campbell, who is in custody pursuant to a judgment of a Wisconsin circuit court, seeks a petition for a writ of habeas corpus. However, he acknowledges that he has not exhausted his remedies in state court and therefore asks that the court stay this action so he may do so. (ECF No. 3.)

"[S]tay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If employed too frequently the stay and abeyance procedure would undermine Congress's goal of encouraging finality of state court judgments and streamlining federal habeas proceedings. *Id.* Thus, a stay is appropriate only if the claim the petitioner seeks to present in the state court is not clearly meritless.

*Id.* Additionally, there must have been good cause for the petitioner's failure to have earlier sought relief in state court. *Id.*

According to Wisconsin circuit court records, available at https://wcca.wicourts.gov, which the court considers under Fed. R. Evid. 201(b)(2), Campbell was convicted on June 7, 2017, following a jury trial. He was sentenced on September 29, 2017, and judgment was entered accordingly. The circuit court on August 9, 2019, denied Campbell's motion for post-conviction relief, and he appealed. On December 29, 2020, the court of appeals affirmed Campbell's conviction. The Wisconsin Supreme Court denied Campbell's petition for review on August 11, 2021. Campbell's conviction became final 90 days later when, on November 10, 2021, the deadline for seeking review by the United States Supreme Court passed. *See* Sup. Ct. R. 13; *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Campbell had one year from that date, *i.e.*, until November 10, 2022, in which to file a petition for a writ of habeas corpus. The court received his petition on November 3, 2022. Thus, his petition appears timely, and under these calculations, he has a week left on the one-year clock.

However, on February 24, 2022, Campbell filed a motion for post-conviction relief in the circuit court, and it appears that motion remains pending. (ECF No. 3 at 1.) "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation …." 28 U.S.C. § 2244(d)(2). The clock remains

stopped until the petitioner exhausts his remedies in state court or the deadline for doing so passes. Therefore, it appears that the one-year clock stopped running on February 24, 2022, and Campbell has roughly nine months remaining in which to file a new habeas petition after the resolution of his pending motion for post-conviction relief.

However, whether the clock stopped running on February 24, 2022, depends on whether Campbell's motion for post-conviction relief was "properly filed." 28 U.S.C. § 2244(d)(2). The record currently before the court is insufficient to permit the court to determine whether the state motion was properly filed. Moreover, such questions often depend on matters of state law and procedure that are best determined by the state court.

If this court denied Campbell's motion to stay, he would have to decide whether to withdraw his unexhausted claim and proceed with his exhausted claims or to withdraw his petition in its entirety and refile it once he exhausted his remedies in state court. If he chose the former option, he would give up ever being able to seek federal habeas relief on his unexhausted claim. If he chose the latter option and his pending motion for post-conviction relief is deemed to have been improperly filed, Campbell likely would forfeit his opportunity to have his habeas petition heard on its merits because his renewed petition likely would be untimely.

Given these uncertainties, stay and abeyance may be appropriate if the unexhausted claim has potential merit. Campbell raises two relevant claims: ineffective

3

assistance of trial counsel and ineffective assistance of appellate counsel. He has exhausted his state court remedies only with respect to the first claim. That claim related to trial counsel's failure to introduce certain evidence at trial.

Campbell was convicted of first-degree sexual assault of a child. (ECF No. 1 at 2.) The victim reported that she and Campbell smoked marijuana before having sexual intercourse. (ECF No. 1 at 6-7.) Shortly before trial, the state disclosed that, a few weeks after the alleged incident, the victim tested negative for marijuana. (ECF No. 1 at 7.) However, the victim was found to be infected with chlamydia. When Campbell's trial counsel discussed this information with him, Campbell told his trial counsel that he had tested negative for chlamydia. Counsel discussed seeking an adjournment so he could get Campbell's medical records, but Campbell opposed any adjournment. (ECF No. 1 at 18-19.) As a result, trial counsel did not have proof of Campbell's negative test result, and at trial the jury did not learn any of these facts: the victim tested negative for marijuana; the victim tested positive for chlamydia; and Campbell tested negative for chlamydia.

The court of appeals concluded that Campbell could not argue that his trial counsel was ineffective for not introducing evidence that he tested negative for chlamydia when the reason counsel was unable to introduce this evidence was because Campbell would not agree to an adjournment. (ECF No. 1 at 18-19.) Counsel reasonably chose not to introduce evidence that the victim tested positive for chlamydia because

that would have been highly prejudicial to Campbell. (ECF No. 1 at 19.) And the state indicated that, if counsel had questioned the victim about the negative marijuana test, it would introduce the victim's chlamydia result.

The nature of Campbell's unexhausted claim that his appellate counsel was ineffective is unclear. He alleges that appellate counsel was ineffective "for not raising the defendant's cell phone record issue and for his failure to call Lashundra Conner as a witness to the hearing to get her pro-offered [sic] testimony." (ECF No. 1 at 8.) He goes on to explain that Conner "would've gave the courts a clearer picture of the conversations she had with trial counsel about testifying about the defendant's negative STD status at the defendant's June 5, 2017 jury trial." (ECF No. 1 at 8.)

On its face, this claim lacks any apparent merit. Campbell has failed to identify specifically what the cell phone records and Conner's testimony would have shown, why it was unreasonable for appellate counsel to not present that evidence, and how Campbell was prejudiced (*e.g.*, why the court likely would have granted his motion for post-conviction relief if the evidence had been presented). Nor can any relevance be gleaned from the record presently before the court. The court of appeals' decision does not make any reference to cell phone records or Conner or offer any hint as to how such evidence may be relevant to Campbell's claim that trial counsel was ineffective.

Therefore, the court must deny Campbell's motion to stay. However, the court will do so without prejudice. Within **28 days** of the date of this order Campbell may

5

refile a motion to stay wherein he must more fully articulate the nature and basis of his unexhausted claim. Alternatively, Campbell may voluntarily withdraw his unexhausted claim, and his petition will proceed on his exhausted claims. **<u>If Campbell fails to take any action within 28 days, the court will recommend that his petition be dismissed as a mixed petition.</u>** *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

**IT IS THEREFORE ORDERED** that Campbell's motion to stay (ECF No. 3) is **denied without prejudice**. Any renewed motion to stay shall be filed within **28 days** of the date of this order. If Campbell fails to withdraw his unexhausted claim or file a renewed motion within **28 days**, the court will recommend that his petition be dismissed.

Dated at Milwaukee, Wisconsin this 30th day of November, 2022.

*[signature]*
WILLIAM E. DUFFIN
U.S. Magistrate Judge