UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VALENTE MARQUISE CAMPBELL,

                Petitioner,

v.                                            Case No. 22-CV-1310

RANDALL HEPP,

                Respondent.

## ORDER

Valente Marquise Campbell filed the present petition for a writ of habeas corpus on November 3, 2022 (ECF No. 1), and on November 10, 2022, he asked that the court stay the proceedings and hold the petition in abeyance while he exhausts his remedies in state court (ECF No. 3). The court denied his motion without prejudice, noting that he failed to show that his unexhausted claim—that his appellate counsel was ineffective—had potential merit. *Campbell v. Hepp*, No. 22-CV-1310, 2022 U.S. Dist. LEXIS 215343 (E.D. Wis. Nov. 30, 2022). Campbell has now renewed his motion that these proceedings be stayed and his petition held in abeyance. (ECF No. 6.)

Based on the statements in his petition, initial motion to stay, and present motion to stay the court finds that Campbell has demonstrated good cause for his failure to

earlier seek relief in state court and that his unexhausted claim is not clearly meritless. Therefore, in accordance with *Rhines v. Weber*, 544 U.S. 269 (2005), Campbell's motion to stay (ECF No. 6) is **granted**. The petition is held in abeyance pending the exhaustion of his remedies in state court. The Clerk is instructed to close this case for administrative purposes.

The court "should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered …." *Rhines*, 544 U.S. at 278. As the court noted in its prior order, Campbell has already initiated his state court remedies. *Campbell*, 2022 U.S. Dist. LEXIS 215343, at *2. However, if Campbell wishes to pursue any additional claim in state court he must initiate proceedings to exhaust any such claim within **30 days** of this order.

Likewise, the court "should explicitly condition the stay on the prisoner's … returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed." *Rhines*, 544 U.S. at 278. Therefore, within **30 days** after exhausting his remedies in state court (or the expiration of time for seeking further review in state court) Campbell shall advise this court whether he intends to proceed with his federal petition. **<u>Failure to do so may result in dismissal of his petition.</u>**

If at any time Campbell determines he no longer wishes to pursue his federal petition he must promptly notify this court.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of January, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge